UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **ROBERT CLEVENGER,** | * | Case No. 2:15-cv-2639 |
| *Plaintiff,* | * | |
| v. | * | |
| **JMC MECHANICAL, INC., FMI ENTERPRISES, LLC, AND JOHN T. MCCORMICK**, | * | **COMPLAINT** |
| | * | |
| *Defendants.* | * | |
| | * | |
| | * | |
| | * | |

**PRELIMINARY STATEMENT**

1.  Plaintiff brings this complaint against Defendants for recovery of unpaid wages and return of his tools. Specifically, Plaintiff seeks back pay, damages, and reimbursement of his costs and attorneys' fees in prosecuting this action under the Fair Labor Standards Act ("FLSA") (29 U.S.C. § 201, *et seq.*); Ohio's Minimum Fair Wage Standards Act (Ohio Rev. Code Chapter 4111); and the Minimum Wage Amendment to Ohio's Constitution (Art. II, Sec. 34a, Ohio Constitution). Further, Plaintiff seeks his unpaid wages and liquidated damages under Ohio Rev. Code § 4113.15. Finally, Plaintiff seeks his paychecks and the return of his tools from Defendants.

**JURISDICTION & VENUE**

2.  This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b). Further, this Court has supplemental jurisdiction

over the Ohio law claims under 28 U.S.C. § 1367(a) because they are so related to the FLSA claims that they form part of the same case or controversy under Article III of the United States Constitution.

3. Venue is proper in this District and Division under 28 U.S.C. § 1391(b) because FMI Enterprises maintains a place of business in Franklin County, Ohio; all Defendants are residents of the State of Ohio; and Defendants JMC Mechanical, Inc. and FMI Enterprises, LLC conduct a substantial amount of business within this District and Division, including Franklin County, Ohio.

**PARTIES & BACKGROUND**

4. Plaintiff was employed by Defendants as a full-time, non-FLSA-exempt sheet metal fabrication worker until the week of July 20, 2015.

5. Plaintiff was an "employee" of Defendants as that term is defined in 29 U.S.C. § 203(e); Ohio Rev. Code Chapter 4111; and Article 2, Section 34a of Ohio's Constitution.

6. Plaintiff, while employed by Defendants, was engaged in commerce or in the production of goods for commerce because Defendants employed Plaintiff in a sheet metal fabrication shop using equipment manufactured in interstate commerce to fabricate materials installed in commercial, industrial, and medical facilities.

7. Defendants JMC Mechanical, Inc. and John T. McCormick operated in a single integrated enterprise with Defendant FMI Enterprises, LLC.

8. All Defendants share common office space, equipment, and management in Wapakoneta, Ohio.

9. Defendant FMI Enterprises, LLC owns the equipment located at 9 Broadway Street in Wapakoneta, Ohio and used by Defendants JMC Mechanical, Inc. and John T. McCormick's fabrication employees like Plaintiff.

10. No workers other than Defendants' employees use that equipment and office space.

11. Defendant John T. McCormick owns and manages both Defendants JMC Mechanical, Inc. and FMI Enterprises, LLC.

12. Defendant John T. McCormick maintains control over labor relations, personnel, and employees of both Defendants JMC Mechanical, Inc. and FMI Enterprises, LLC.

13. Defendant John T. McCormick was, at all times relevant, a natural person residing in the State of Ohio, and he acted directly or indirectly in the interest of Defendant JMC Mechanical, Inc. in relation to Plaintiff.

14. Defendant John T. McCormick was, at all times relevant, an individual who was a corporate officer of Defendant JMC Mechanical, Inc. and member of Defendant FMI Enterprises, LLC; had a significant ownership interest in Defendant JMC Mechanical, Inc. and membership interest in Defendant FMI Enterprises, LLC; and controlled significant day-to-day functions of the business of Defendants JMC Mechanical, Inc. and FMI Enterprises, LLC, including determining salaries and pay scales.

15. Each Defendant is an "employer" as that term is defined in 29 U.S.C. § 203(d); Ohio Rev. Code Chapter 4111; and Article 2, Section 34a of Ohio's Constitution.

16. Defendants, at all times relevant, had gross annual receipts in excess of the statutory minimum; ordered construction materials by mail, phone, or fax; paid employees

by check; and accepted checks from customers as payment for services—all of which constitutes interstate commerce.

17. Defendants, with respect to Plaintiff, were required to comply with 29 U.S.C. § 201 *et seq.*; Ohio Rev. Code Chapter 4111; and Article II, Section 34a of Ohio's Constitution, under both individual- and enterprise-coverage principles.

18. Plaintiff was not paid at all by Defendants for approximately 120 hours of work performed in June 2015 and July 2015.

19. After demand, Defendants JMC Mechanical, Inc. and John T. McCormick have refused to pay Plaintiff his wages, i.e., $20.00 per hour for 120 hours of work, that is, three weeks worth of wages.

20. As a single integrated enterprise with Defendant JMC Mechanical, Inc., Defendant FMI Enterprises, LLC is liable, jointly and severally, for Defendant JMC Mechanical, Inc.'s wage violations.

## FIRST CLAIM FOR RELIEF

*(Non-Payment of Wages under the FLSA)*

21. Plaintiff re-alleges and incorporates the above allegations.

22. Under 29 U.S.C. § 206, Defendants were obligated to pay Plaintiff the minimum rate of wages for any work they suffered, permitted, or required Plaintiff to perform.

23. Defendants willfully failed to comply with the requirements of 29 U.S.C. § 206 by suffering or permitting Plaintiff to work for $0.00 per hour, which is less than the applicable federal minimum wage rate of $7.25 per hour.

24. Defendants knowingly and willfully failed to pay Plaintiff for all hours

worked.

25. Defendants were aware Plaintiff worked these hours, but still refused to pay Plaintiff.

26. Defendants do not qualify for an exemption from paying minimum wages to Plaintiff under 29 U.S.C. § 206; 29 U.S.C. § 213; or any other section of law.

27. Because Defendants willfully have failed to pay Plaintiff at least the minimum rate of wages for all hours worked at $7.25 per hour worked, Plaintiff is entitled to collect $870.00 as and for liquidated damages, i.e., 120 hours multiplied by $7.25 per hour.

**SECOND CLAIM FOR RELIEF**

*(Non-Payment of Wages under Ohio Law)*

28. Plaintiff re-alleges and incorporates the above allegations.

29. Under Ohio Rev. Code Chapter 4111 and Article 2, Section 34a of Ohio's Constitution, Defendants were obligated to pay Plaintiff the minimum rate of wages for any work they suffered, permitted, or required Plaintiff to perform, and Defendants were obligated to comply with the remainder of the law, including record-keeping requirements.

30. Defendants failed to comply with the requirements of Ohio Rev. Code Chapter 4111 and Article 2, Section 34a of Ohio's Constitution by suffering or permitting Plaintiff to work for $0.00 per hour, which is less than the applicable Ohio minimum wage rate of $8.10 per hour worked in 2015.

31. Defendants knowingly and willfully failed to pay Plaintiff for all hours worked.

32. Defendants were aware Plaintiff worked these hours, but still refused to pay Plaintiff.

5

33. Defendants do not qualify for an exemption from paying minimum wages to Plaintiff under Ohio Rev. Code Chapter 4111; Article 2, Section 34a of Ohio's Constitution; or any other section of law.

34. Because Defendants have failed to pay Plaintiff at least the minimum rate of wages for all hours worked in 2015 at $8.10 per hour worked, Plaintiff is entitled to collect $1,944.00 as and for liquidated damages, i.e., 120 hours multiplied by $8.10 per hour multiplied by 2.

## THIRD CLAIM FOR RELIEF

*(Ohio Rev. Code § 4113.15 Violations)*

35. Plaintiff re-alleges and incorporates the above allegations.

36. For 120 hours of work, Defendants failed to pay Plaintiff his hourly, agreed upon straight-time wages in the amount of $20.00 per hour within the statutory time period under Ohio Rev. Code § 4113.15.

37. Defendants failed to pay Plaintiff his weekly wages within the statutory time period under Ohio Rev. Code § 4113.15.

38. To date, Defendants have failed to pay the $2,400.00, i.e., 120 hours multiplied by $20.00 per hour, due and owing to Plaintiff, and there is no dispute that Plaintiff is owed these wages.

39. Because Defendants failed to pay Plaintiff his wages within the time period specified under Ohio Rev. Code § 4113.15, Plaintiff seeks $2,400.00 in wages that remain unpaid plus liquidated damages in the amount of $200.00.

## FOURTH CLAIM FOR RELIEF

*(Conversion)*

40. Plaintiff re-alleges and incorporates the above allegations.

41. Defendants, for approximately three weeks, have held Plaintiff's tools and paychecks. One paycheck even bounced.

42. Defendants do not have a right to possess or keep Plaintiff's tools and paychecks, and therefore, Defendants' conversion of the tools and paychecks was a wrongful act.

43. At the time of the conversion, Plaintiff had an ownership right to the tools and paychecks.

44. As a result of Defendants' wrongful detainment of tools and paychecks, Plaintiff suffered damages, including, without limitation, an amount equal to the value of the tools and paychecks, liquidated damages, and costs -- as well as punitive damages allowed by law.

**DEMAND FOR JUDGMENT**

**WHEREFORE**, Plaintiff prays that the Court enter an order as follows:

a. ordering Defendants, jointly and severally, to pay back pay as well as damages for each hour Plaintiff worked for which Defendants failed to pay him proper minimum wages under Federal and Ohio law;

b. ordering payment of wages and liquidated damages by Defendants, jointly and severally, under Ohio Rev. Code § 4113.15;

c. ordering Defendants to return Plaintiff's property or pay, jointly and severally, the reasonable value of the property to Plaintiff, along with punitive damages;

d. ordering Defendants, jointly and severally, to pay Plaintiff's attorneys' fees and costs; and

e. awarding any other legal or equitable relief it deems just and proper.

Respectfully submitted,

MANGANO LAW OFFICES CO., L.P.A.

s/Ryan K. Hymore
Ryan K. Hymore (0080750)
3805 Edwards Road, Suite 550
Cincinnati, Ohio 45209
T: (513) 255-5888
F: (216) 397-5845
rkhymore@bmanganolaw.com

*Counsel for Plaintiff*