## SETTLEMENT AGREEMENT AND GENERAL RELEASE

*Clevenger v. JMC Mechanical, Inc. et al.*

This **SETTLEMENT AGREEMENT AND GENERAL RELEASE** ("Agreement") is entered into by and between **ROBERT CLEVENGER**, on the one hand, and **JMC MECHANICAL, INC., JOHN T. MCCORMICK, FMI ENTERPRISES, LLC, AND BRUMBAUGH CONSTRUCTION, INC.** ("Defendants"), on the other hand.

## PART 1
## RECITALS

**1.1  THE CIVIL ACTION.** Clevenger filed a civil action in the United States District Court for the Southern District of Ohio, (the "Court"), styled *Clevenger v. JMC Mechanical, Inc., et al.,* Case No. 2:15-cv-2639 (hereafter, the "Civil Action").

**1.2  THE CLAIMS.** Clevenger claimed that under the Fair Labor Standards Act ("FLSA"), Article II, Section 34a of the Ohio Constitution, R.C. Chapter 4111, and R.C. Chapter 4113, or any of them, he is entitled to compensation from Defendants for work done during his employment with JMC Mechanical, Inc. through the end of July 2015 ("Disputed Wages"), as well as damages, court costs, and fees for a claim of conversion. Defendants dispute Clevenger's claims and deny that any compensation or damages are due.

**1.3  PURPOSE.** Clevenger and Defendants desire to avoid further litigation costs and to settle all of Clevenger's claims alleged in the Civil Action, as well as any and all claims and disputes, known and unknown, that exist or might be claimed to exist by Clevenger against the Released Parties (*see* Part 3.1), including, but not limited to, claims of any nature that have been, or could have been, asserted that arise out of or relate to Clevenger's alleged employment, terms and conditions of employment, separation from that employment or any other event, transaction, or communication between Clevenger and Defendants or Clevenger and all other Released Parties.

**NOW, THEREFORE,** the Parties agree as follows:

## PART 2
## SETTLEMENT TERMS

**2.1  SETTLEMENT BENEFIT.** In consideration of the promises made by Clevenger in this Agreement:

**2.1.1**  Defendants agree to pay **$12,200.00** as follows: (1) to Robert Clevenger the sum of $2,400.00 as and for back wages less applicable withholding and deductions; (2) to Robert Clevenger the additional sum of $3,000.00 as and for liquidated damages; and (3) to Clevenger's legal counsel, Mangano Law Offices Co., LPA, the sum of $6,800.00. For purposes of taxes and withholding wages, the sum of $2,400.00 payable to the order of Robert Clevenger shall be treated and taxed as a monthly wage payment for calendar year 2015. Defendant JMC Mechanical, Inc.'s payroll provider shall specifically enter this payment as a monthly (as opposed to a weekly, biweekly, bimonthly, quarterly, semiannual, or annual) payment of wages. Defendant JMC Mechanical, Inc. shall report the payment of back wages on a W-2 statement as back wages paid in calendar year 2015. Defendant JMC Mechanical, Inc. shall report the payment of liquidated damages paid to Clevenger on a Form 1099 as money paid in calendar

9896398v1

## SETTLEMENT AGREEMENT AND GENERAL RELEASE

*Clevenger v. JMC Mechanical, Inc. et al.*

year 2015. Defendants JMC Mechanical, Inc., FMI Enterprises, LLC, and Brumbaugh Construction, Inc. shall report payment of the Settlement Benefit to Clevenger's legal counsel to the U.S. Internal Revenue Service. Payment will be made as follows:

- JMC Mechanical, Inc. will issue one check made payable to Robert Clevenger, for a total of Two Thousand Four Hundred Dollars and Zero Cents ($2,400.00), less legally required payroll deductions which will be included in the calculation of W-2 wages paid to Clevenger for calendar year 2015.

- JMC Mechanical, Inc. will issue one check made payable to Robert Clevenger, for a total of Three Thousand Dollars and Zero Cents ($3,000.00), for which an IRS Form 1099 will be issued to Robert Clevenger.

- JMC Mechanical, Inc. will issue one check made payable to Mangano Law Offices, LPA, for a total of Eight Hundred Dollars and Zero Cents ($800.00), for which an IRS Form 1099 will be issued.

- FMI Enterprises, LLC will issue one check made payable to Mangano Law Offices, LPA, for a total of Three Thousand Dollars and Zero Cents ($3,000.00), for which an IRS Form 1099 will be issued.

- Brumbaugh Construction, Inc. will issue one check made payable to Mangano Law Offices, LPA, for a total of Three Thousand Dollars and Zero Cents ($3,000.00), for which an IRS Form 1099 will be issued; provided, however, that such payment will be held in trust pending Clevenger performing all obligations set forth in Part 4 of this Agreement. Further, Brumbaugh Construction, Inc. total payment obligation under this Agreement is $3,000.00 and in no event will it be responsible for the payment of any amounts allocated to the other parties herein.

    **2.1.2** The foregoing constitutes the "Settlement Benefit," none of which Clevenger or his legal counsel would be entitled to receive but for this Agreement and which is provided solely in consideration for a dismissal of the Civil Action, a release and waiver of all claims, and a release and waiver of all liens. The Settlement Benefit shall be paid on the schedule set forth in Parts 2.1.2.1 and 2.1.2.2 and delivered to Mangano Law Offices Co., LPA, 3805 Edwards Road, Suite 550, Cincinnati, Ohio 45209.

    **2.1.2.1** Within ten (10) days following the Effective Date of this Agreement (*see* Part 2.3), Defendants: (1) shall pay to Robert Clevenger the sum of $2,400.00 less applicable withholding and deductions and (2) shall pay an additional $3,000.00 to Robert Clevenger without any deduction.

    **2.1.2.2** Within ten (10) days following the Effective Date of this Agreement, (*see* Part 2.3), Defendants shall pay $6,800.00 to Clevenger's legal counsel, Mangano Law Offices Co., LPA.

    **2.2**    **COSTS AND FEES.** Clevenger shall not be considered the prevailing party for any purpose, including attorneys' fees under any applicable statute or otherwise. However, the Parties agree that the sum paid to Clevenger's legal counsel pursuant to this Agreement does not detract from Clevenger's recovery and would constitute reasonable attorneys' fees and costs

2

incurred by Clevenger in this litigation. Other than the payment to Clevenger's legal counsel, each party will pay its own costs and fees.

**2.3  EFFECTIVE DATE.** Clevenger's signing of this Agreement shall constitute his execution of this Agreement. Except as otherwise provided herein, the "Effective Date" of this Agreement shall be the date on which the Court approves this Agreement by way of an order.

## PART 3
## RELEASES

**3.1  GENERAL RELEASE BY CLEVENGER.** In consideration of the Settlement Benefit, the sufficiency of which Clevenger acknowledges, Clevenger hereby settles, waives, releases, and discharges any and all legal and equitable claims, demands, actions, or causes of action, known or unknown, which Clevenger has or may have against Defendants (as defined above), Jacqueline McCormick, Dean Klosterman, and Defendants' parents, siblings, subsidiaries, affiliates, divisions, related corporations, limited liability corporations, partnerships, insurers, successor and predecessor entities, and each of their respective current and former employees, directors, officers, shareholders, partners, members, agents, attorneys, contractors, and representatives (collectively, all of the foregoing constitute the "Released Parties"), including, but not limited to, all claims alleged in the Civil Action and all claims arising from or relating to Clevenger's alleged employment with Defendant JMC Mechanical, Inc., the terms and conditions of that employment, including compensation, Clevenger's separation from that employment, and any other event, transaction, or communication of any type regarding any matter between or concerning Clevenger and any Released Party.

**3.1.1** Clevenger hereby forever releases, acquits, holds harmless, and discharges the Released Parties from any and all claims, demands, actions, causes of action, obligations, damages, penalties, costs and expenses (including attorneys' fees and legal costs beyond the amount paid to Clevenger's legal counsel in Part 2.1.1), known or unknown, contingent or otherwise, whether specifically mentioned or not, that Clevenger now has or has had or which might be claimed to exist at or prior to the Effective Date of this Agreement (*see* Part 2.3).

**3.1.2** Clevenger expressly acknowledges and agrees that this General Release settles, waives, releases, and discharges any and all legal and equitable claims, demands, actions, and causes of action, known or unknown, that Clevenger has or may have against any current or former employee, director, officer, shareholder, partner, member, agent, attorney, contractor, or representative of the Released Parties in such person's individual and representative capacities. Clevenger expressly acknowledges that, by signing this Agreement, he may be giving up claims, demands, or causes of action that he may now have, whether known or unknown.

**3.1.3** This General Release includes, but is not limited to, the release of any and all claims or charges that Clevenger has, or could have, filed against any and all of the Released Parties with any federal, state or local court of law or equity, the United States Equal Employment Opportunity Commission, the United States Department of Labor, the Ohio Bureau of Labor and Worker Safety, the Ohio Civil Rights Commission, or any other federal, state or local agency under: Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*; the Civil Rights Act of 1991, P.L. 102-166; the Civil Rights Act of 1866, 42 U.S.C. § 1981; the Civil

### SETTLEMENT AGREEMENT AND GENERAL RELEASE

*Clevenger v. JMC Mechanical, Inc. et al.*

Rights Act of 1871, 42 U.S.C. § 1983; the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq.*; the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601, *et seq.*; the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq.*; the Federal Rehabilitation Act of 1973, 29 U.S.C. § 701, *et seq.*; the Equal Pay Act of 1963, 29 U.S.C. §§ 206(d) and 216(b); the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621-634, as amended by the Older Workers' Benefit Protection Act, P.L. 101-433; the Worker Adjustment and Retraining Notification Act of 1988, 29 U.S.C. § 2101, *et seq.*; the Consolidated Omnibus Budget Reconciliation Act of 1985; the Occupational Safety and Health Act, 29 U.S.C. §§ 651-678; the Uniformed Services Employment and Reemployment Rights Act of 1994, 38 U.S.C. § 4301, *et seq.*; the National Labor Relations Act, 29 U.S.C. § 151, *et seq.*; the Labor Management Relations Act, 29 U.S.C. §141, *et seq.*; the Ohio Civil Rights Act, R.C. § 4112.01, *et seq.*; the Ohio Minimum Fair Wage Standards Act, R.C. § 4111.01, *et seq.*; Article II, Section 34a of Ohio's Constitution; Ohio's Workers' Compensation Retaliation statute, R.C. § 4123.90; the Ohio Occupational Safety and Health Act, R.C. § 4123.90, *et seq.*; federal, state and local occupational, safety and health laws; and any other claims of employment discrimination, disparate treatment, hostile work environment, sexual, racial or other unlawful harassment, retaliation, whistle-blowing, intentional or negligent infliction of emotional distress, defamation, invasion of privacy, tortious interference with contractual relations, wrongful discharge, constructive discharge, outrage, promissory estoppel, claims or demands arising under either express or implied contract, breach of contract, tort, public policy, the common law or any federal, state or local statute, ordinance, regulation or constitutional provision (including, but not limited to, the laws of the State of Ohio), and all other liabilities, suits, union or other grievances, debts, claims for lost wages or benefits, overtime, unpaid wages or benefits, back pay, front pay, compensatory or punitive damages, actual damages, consequential damages, incidental damages, damages for emotional distress, damages for humiliation or embarrassment, contractual damages, penalties, damages in *quantum meruit*, expectation or for detrimental reliance, injunctive relief, severance pay, costs, reinstatement, attorneys' fees, business expenses, commissions, bonuses, incentive compensation, vacation pay, pension benefits, payment or reimbursement under any health insurance or other employee benefit plan or agreement, insurance premiums or other sums of money, grievances, expenses, demands, and controversies of every kind and description, whether liquidated or unliquidated, known or unknown, contingent or otherwise and whether specifically mentioned or not, against any and all Released Parties that Clevenger now has or has had or that may exist or that might be claimed to exist at or prior to the Effective Date of this Agreement (*see* Part 2.3). Clevenger specifically waives any claim or right to assert that any cause of action, alleged cause of action, claim, demand, charge, or other right of Clevenger has been, through design, oversight, or error, intentionally or unintentionally, omitted from this Agreement.

       **3.1.4** With respect to any rights that Clevenger may have or have had under the FLSA, R.C. Chapters 4111 and 4113, the Ohio Constitution, or any of them, Clevenger acknowledges and avers that he has received all compensation to which he is or may have ever been entitled, including all regular and overtime wages, and that in order to avoid further litigation expenses over the Disputed Wages, Defendants have now paid such Disputed Wages to him and is in full compliance with those and all other laws regarding his alleged employment with Defendants.

## SETTLEMENT AGREEMENT AND GENERAL RELEASE
*Clevenger v. JMC Mechanical, Inc. et al.*

**3.1.5** In consideration of the Dismissal and Release of Claims and Additional Clevenger Promises (*see* Part 4), the sufficiency of which Defendants acknowledge, Clevenger hereby settles, waives, releases, and discharges any and all legal and equitable claims, demands, actions, or causes of action, known or unknown, including, but not limited to, all claims arising from or relating to Clevenger's alleged employment with Defendants, the terms and conditions of that employment, Clevenger's separation from that employment and any other event, transaction, or communication of any type regarding any matter between or concerning Clevenger and any Released Party.

**3.2** **GENERAL RELEASE BY DEFENDANTS.** Defendants hereby forever release, acquit, hold harmless, and discharge Clevenger from any and all claims, demands, actions, causes of action, obligations, damages, penalties, costs and expenses (including attorneys' fees and legal costs), known or unknown, contingent or otherwise, whether specifically mentioned or not, that Defendants now have or have had or which might be claimed to exist at or prior to the Effective Date of this Agreement. Defendants expressly acknowledge that, by signing this Agreement, they may be giving up some claim, demand, or cause of action that it may now have, whether known or unknown, with respect to Clevenger only.

## PART 4
## ADDITIONAL CLEVENGER PROMISES

**4.1** **CLEVENGER'S REPRESENTATIONS.** Clevenger represents and certifies that, with the exception of the Civil Action, the mechanics' lien recorded in Book 490, Page 43, of the Darke County Recorder's Office as Instrument No. 201500005051 on August 31, 2015 ("Lien"), and a claim against a bond secured by Brumbaugh Construction, Inc. for a construction project for Greenville City School District, Bond No. 61C007095 (the "Bond Claim"), Clevenger has not filed or otherwise initiated any complaint, charge, or other action against any Released Party in any local, state, or federal court, or with any local, state, or federal administrative agency or board, relating to any event occurring prior to or on the Effective Date of this Agreement. In exchange for the Settlement Benefit, Clevenger makes the promises contained in this PART 4.

**4.2** **DISMISSAL OF CLAIMS.** Clevenger will, after the Effective Date of this Agreement, formally release the Lien and Bond Claim, and dismiss any other litigation against any and all of the Released Parties, if any such litigation has been filed, and agree not to file any litigation against any of the Released Parties on his or anyone else's behalf for any claims existing as of the date of his execution of this Agreement. Clevenger's counsel will, after the Effective Date of this Agreement, prepare and file a release of the Lien with the Darke County Recorder's Office within ten (10) days of receipt of the Settlement Benefit, provide a copy of such release to the Greenville City School District, and further provide written notice of the release of his Bond Claim to the Brumbaugh Construction, Inc. and its surety, Liberty Mutual, and Clevenger's counsel shall hold the payment from Brumbaugh Construction, Inc. in trust pending the completion of all obligations contained in this paragraph.

**4.3** **COMPLETE RELEASE.** It is the specific intent and purpose of this Agreement to release and discharge the Released Parties from liability for any and all claims, employment discrimination charges, retaliation claims, and causes of action of every kind and nature

## SETTLEMENT AGREEMENT AND GENERAL RELEASE
*Clevenger v. JMC Mechanical, Inc. et al.*

whatsoever, whether known or unknown and whether or not specifically mentioned herein, which may exist or might be claimed to exist against the Released Parties at or prior to the Effective Date of this Agreement, and Clevenger specifically waives any claim or right to assert that any cause of action or alleged cause of action or charge has been, through design, oversight, or error, intentionally or unintentionally, omitted from this Agreement.

    **4.3.1** Clevenger expressly agrees that this Agreement shall extend and apply to all unknown, unsuspected, and unanticipated injuries and damages, as well as to those that are known, suspected, anticipated, or disclosed as of the Effective Date of this Agreement. Clevenger expressly agrees that any and all facts, circumstances, and events occurring prior to the Effective Date of this Agreement cannot and shall not be used by Clevenger as part of any future proceeding against the Released Parties.

    **4.3.2** **NO REINSTATEMENT OR REAPPLICATION.** Clevenger agrees not to attempt to procure employment or seek reinstatement with the Defendants at any time, now or in the future, either as an employee, an independent contractor or in any other capacity.

    **4.4** **NON-ADMISSION.** Clevenger agrees that this Agreement is entered into solely for the purpose of compromising and settling his claims and as a full and final settlement of any and all claims, demands, actions, and causes of action, known or unknown, which he has or may have against the Released Parties. Clevenger further acknowledges and agrees that this Agreement is not and shall not be construed in any manner as an admission of any liability or obligation on the part of any and all Released Parties of any policy or local, state or federal common or statutory law, or as evidence of any violation of or non-compliance with any statute or law. Clevenger further agrees that this Agreement and any and all communications relating to it are inadmissible by Clevenger in any legal proceeding brought by or on behalf of him.

    **4.5** **CLAIMS NOT ASSIGNABLE.** Clevenger represents and warrants that no person other than Clevenger is authorized or entitled to assert any claim based on or arising out of any alleged discriminatory, unlawful, wrongful, tortious, or other conduct toward Clevenger by any and all Released Parties, including, but not limited to, any and all claims for attorneys' fees or damages resulting from or based upon, or seeking relief on account of, any act or omission by any and all Released Parties that may have occurred or failed to occur prior to Clevenger's execution of this Agreement. Clevenger agrees that he has not assigned and shall never assign any such claim, and that in the event any such claim is filed or prosecuted by any other person or entity, Clevenger will cooperate fully with the Released Parties and will move immediately to withdraw Clevenger's name and to disassociate Clevenger's self completely from such claim, will request such person or entity to withdraw such claim with prejudice and will not voluntarily cooperate with or testify on behalf of the person or entity prosecuting such claim.

## PART 5
## MISCELLANEOUS PROVISIONS

    **5.1** **LEGAL RIGHTS; SEVERABILITY.** This Agreement shall be binding on and inure to the benefit of the Parties' legal representatives, heirs, successors, and assigns, and shall inure to the benefit of all Released Parties. The Parties and the Released Parties shall have all of the rights and remedies available at law and equity to enforce their respective rights under this

### SETTLEMENT AGREEMENT AND GENERAL RELEASE

*Clevenger v. JMC Mechanical, Inc. et al.*

Agreement. No action by either Party shall be taken as a waiver of its right to insist that the other Party abide by the obligations under this Agreement, unless such waiver is in writing, expressly waives such rights, and is signed by legal counsel for the Party making such waiver. Should any provision of this Agreement be declared or determined by any court of competent jurisdiction to be illegal, invalid, or unenforceable, the validity of the remaining parts, terms, or provisions shall not be affected thereby and any illegal, invalid, or unenforceable part, term, or provision shall be deemed not to be a part of this Agreement. In such event, the Parties agree that such court may impose any lesser restrictions it finds appropriate to protect the interests of Clevenger and the Released Parties.

**5.2  CHOICE OF LAW.** This Agreement is made and entered into in the State of Ohio, and shall in all respects be interpreted, enforced, and governed by the laws of the State of Ohio. The language of all parts of this Agreement shall in all cases be interpreted as a whole, according to its fair meaning, and not strictly for or against any of the Parties.

**5.3  CHOICE OF FORUM.** Clevenger and Defendants agree that the United States District Court for the Southern District of Ohio shall retain subject matter and personal jurisdiction with respect to any claim or controversy arising out of or relating to this Agreement, Clevenger's alleged employment with Defendant JMC Mechanical, Inc., Clevenger's separation from that employment, or any other event, contact or communication involving Clevenger and the Released Parties, and the Parties agree to waive any argument of lack of subject matter or personal jurisdiction, or forum *non-conveniens,* or improper venue.

**5.4  ENTIRE AGREEMENT.** This Agreement constitutes and sets forth the entire agreement between the Parties and supersedes any and all prior and contemporaneous oral or written agreements or understandings between them. The Parties agree that no representation, promise, inducement, or statement of intention has been made by another that is not expressly set forth in this Agreement. No Parties to this Agreement shall be bound by, or liable for, any alleged representation, promise, inducement, or statement of intention not expressly set forth in this Agreement. This Agreement cannot be amended, modified, or supplemented in any respect, except by a subsequent written agreement signed by all Parties.

**5.4.1  COUNTERPARTS.** This Agreement may be executed in counterparts which, when taken as a whole, constitute one document with the same effect as if all parties hereto had signed the same document. All counterparts shall be construed together and shall constitute one Agreement.

**5.4.2  JUDICIAL APPROVAL AND RETAINED JURISDICTION.** The effectiveness of this Agreement is contingent upon the Court's granting of the Parties' Joint Motion for Approval of the Settlement Agreement. The Court shall retain jurisdiction over the Agreement.

**5.5  INDEPENDENT LEGAL ADVICE.** Clevenger and Defendants acknowledge that each has read this Agreement carefully and in its entirety, that respective counsel have reviewed it and advised them about it, that they fully understand its terms, and that they freely, voluntarily and knowingly enter into it without any coercion, undue influence, or intimidation of any kind.

9896398v1

## SETTLEMENT AGREEMENT AND GENERAL RELEASE

*Clevenger v. JMC Mechanical, Inc. et al.*

IN WITNESS WHEREOF, the parties hereunto have caused this Settlement Agreement to be duly executed this _____ day of September 2015.

**Robert Clevenger**

_____

Date: _____

**JMC Mechanical, Inc.**

_____

By Its: _____

Date: _____

**John T. McCormick**

_____

Date: _____

**FMI Enterprises, LLC**

*Michael Stumen* (signature)

By Its: **SECRETARY**

Date: **9/17/15**

**Brumbaugh Construction, Inc.**

_____

By Its: _____

8

9896398v1