UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

ROBERT CLEVENGER,

  Plaintiff,

v.

JMC MECHANICAL, INC., et al.,

  Defendants.

Case No. 2:15-CV-2639
CHIEF JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Elizabeth P. Deavers

## ORDER APPROVING SETTLEMENT AGREEMENT

On September 17, 2015, the parties jointly moved for approval of their Settlement Agreement and General Release (the "Agreement"). (*See generally* Joint Mot. [ECF No. 41]; Settlement Agreement [ECF No. 41-1].) The Agreement would settle Plaintiff's claims, including a claim brought under the Fair Labor Standards Act ("FLSA").

"As a general rule, employees' claims under the FLSA are non-waivable and may not be settled without supervision of either the Secretary of Labor or a district court." *Gentrup v. Renovo Servs., LLC*, No. 1:07-CV-430, 2011 WL 2532922, at *2 (S.D. Ohio June 24, 2011); *see also Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982). In reviewing a proposed FLSA settlement, a court must scrutinize the proposed settlement for fairness and determine whether the settlement is a fair and reasonable resolution of a bona fide dispute over FLSA provisions. *See Int'l Union, United Auto., Aerospace, & Agric. Implement Workers of Am. v. Gen. Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007). Courts consider several factors when determining whether a proposed FLSA settlement is fair and reasonable: (1) the risk of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the amount of discovery completed; (4) the likelihood of plaintiff's success

on the merits; and (5) the public interest in settlement. *Padilla v. Pelayo*, No. 3:14-cv-305, 2015 WL 4638618, at *1 (S.D. Ohio Aug. 4, 2015) (citing *Gen. Motors Corp.*, 497 F.3d at 631). Additionally, when a settlement agreement proposes an award of attorney's fees, such fees must be reasonable. *See id.* (citing *Reed v. Rhodes*, 179 F.3d 453, 471 (6th Cir. 1999)).

In their Joint Motion, the parties address most of these factors. (*See* Joint Mot. at 4.) The parties represent that: (i) there was "no collusion behind [the] settlement;" (ii) resolving the disputed employer status would have involved "substantial time and expense;" (iii) an evidentiary hearing and multiple discussions between counsel have already occurred in the case; (iv) the parties "disagree on the probability of success against each alleged employer;" (v) Plaintiff might have recovered "nothing [through continued litigation] if Defendant JMC Mechanical, Inc. is defunct and no other Defendant is held liable as an alleged employer," and "Plaintiff could never recover any additional back wages or liquidated damages . . . because Moving Parties have tendered a full offer;" and (vi) counsel for each of the parties believes that the Agreement is fair and reasonable. (*Id.*) The Court accepts these representations and also finds that the Agreement furthers the public interest. The agreed attorney's fees are reasonable.

For the reasons addressed in the Joint Motion, and after independently scrutinizing the terms of the Agreement, the Court finds the Agreement to be a fair and reasonable resolution of a bona fide FLSA dispute. As such, the Court **APPROVES** the Agreement [ECF No. 41-1] and **DISMISSES** the case with prejudice. The Court retains jurisdiction to enforce the terms of the Agreement.

IT IS SO ORDERED.

\_\_9-25 2015_____
DATE

_____
EDMUND A. SARGUS, JR.
CHIEF UNITED STATES DISTRICT JUDGE